IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YULISSA CEBALLOS, | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No.** |
| v. | : | |
| | : | |
| TROOPER PHILLIP BUCCIGROSSI, | : | |
| TROOPER JUSTIN YOZSA, TROOPER | : | |
| KYLE EVANS, TROOPER NOE VARGAS, | : | |
| And CORPORAL MATTHEW ORCHULLI | : | |
| | : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Yulissa Ceballos, by and through Mark V. Maguire, Esquire of McEldrew Purtell, complaining of Defendants, Trooper Phillip Buccigrossi, Trooper Justin Yozsa, Trooper Kyle Evans, Trooper Noe Vargas, and Corporal Matthew Orchulli. In support thereof, Plaintiff avers as follows:

## NATURE OF THE COMPLAINT

1. This is a civil rights action seeking compensatory and punitive damages for injuries Plaintiff sustained as a result of excessive and objectively unreasonable force used by Pennsylvania State Troopers on March 31, 2024, in Allentown, Pennsylvania.

2. Plaintiff, a 26-year-old woman, with no history of violence, was violently pulled from her vehicle, thrown to the ground, beaten, kicked, and crushed by state troopers during an arrest without any justification.

3. The Defendant Troopers' unreasonable use of force directly caused a broken humerus requiring surgery, extended hospitalization, permanent disfigurement, chronic pain, and

diminished earning capacity.

## JURISDICTION AND VENUE

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of Plaintiff's rights secured by the United States Constitution.

5. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) in that this is the District where the claims arose.

## JURY DEMAND

6. Plaintiff demands a jury on all issues and claims set forth in this Complaint pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38(b)

## PARTIES

7. Plaintiff Yulissa Ceballos is an adult individual residing in Whitehall, Pennsylvania.

8. Defendant Phillip Buccigrossi is an adult individual, at all relevant times acting in the course and scope of his employment with the Pennsylvania State Police and acting under color of state law.

9. Defendant Justin Yozsa is an adult individual, at all relevant times acting in the course and scope of his employment with the Pennsylvania State Police and acting under color of state law.

10. Defendant Kyle Evans is an adult individual, at all relevant times acting in the course and scope of his employment with the Pennsylvania State Police and acting under color of state law.

11. Defendant Noe Vargas is an adult individual, at all relevant times acting in the course and scope of his employment with the Pennsylvania State Police and acting under color of state law.

12. Defendant Matthew Orchulli is an adult individual, at all relevant times acting in the course and scope of his employment with the Pennsylvania State Police and acting under color of state law.

## OPERATIVE FACTS

13. On March 31, 2024, Pennsylvania State Troopers attempted a traffic stop involving a Nissan Rogue occupied by Plaintiff and her boyfriend.

14. Plaintiff exited the vehicle at the initial stop and did not engage in any violent conduct. After a short foot chase involving her boyfriend, Plaintiff got back into the vehicle and drove away with him.

15. Officers later cornered the vehicle in a dead-end street.

16. Plaintiff raised her hands and complied with Buccigrossi and Yosza's direction to exit the vehicle.

17. Plaintiff did not demonstrate any aggression or otherwise demonstrate any threat to Buccigrossi and Yosza while outside her vehicle.

18. Plaintiff did not physically or verbally resist Buccigrossi and Yosza while outside her vehicle.

19. Plaintiff repeatedly informed Buccigrossi and Yosza that she was not resisting.

20. Despite the lack of threat or resistance, Buccigrossi and Yosza slammed Plaintiff onto the ground with violent, excessive, and unreasonable force.

21. Plaintiff was in extreme pain and offered no resistance while pinned to the ground by Buccigrossi and Yosza.

22.  Buccigrossi and Yosza did not have handcuffs in their possession and requested assistance from additional officers.

23. When Evans and Vargas arrived on scene Plaintiff was prone on the ground with her hands behind her back as Buccigrossi and Yosza awaited handcuffs.

24. Despite Plaintiff's compliance, and her inability to pose any threat from that position, Evans and Vargas thrust themselves on Plaintiff, using their full body weight to slam into Plaintiff, inflicting extreme pain and agony as they snapped her humerus.

25. Plaintiff screamed in agony for several minutes as Evans and Vargas repeatedly told her to "shut the fuck up".

26. Plaintiff begged for mercy, explaining that she was in severe pain and repeatedly said "you broke my elbow" and "please stop".

27. Despite her pleas, Evans and Vargas continued to physically abuse, inflict pain upon, and torment plaintiff for several minutes without any legitimate law enforcement justification.

28. Buccigrossi, Yosza, and Orchulli were present as Evans and Vargas used excessive force upon Plaintiff and had the opportunity to stop them, but failed to do so.

29. Plaintiff was eventually handcuffed and held on the ground until EMS arrived.

30. Plaintiff  was taken to the hospital where she underwent major surgery related to the injuries inflicted by Buccigrossi, Yosza, Evans and Vargas.

31. Plaintiff continues to suffer permanent physical disability, scarring, and mental trauma as a result of Buccigrossi, Yosza, Evans, Orchulli, and Vargas actions.

### COUNT I: 42 U.S.C. § 1983 EXCESSIVE FORCE
*Plaintiff v. Trooper Phillip Buccigrossi, Trooper Justin Yozsa, Trooper Kyle Evans, Trooper Noe Vargas*

32. The preceding paragraphs are incorporated by reference as though laid out fully herein.

33. Buccigrossi, Yosza, Evans, and Vargas' unjustified use of force as described caused Plaintiff's mental anguish, pain, agony and severe injury.

34. The actions of Buccigrossi, Yosza, Evans, and Vargas were intentional, excessive, and objectively unreasonable.

35. Buccigrossi, Yosza, Evans, and Vargas were acting under color of state law.

36. Plaintiff seeks damages, for mental anguish, pain, agony, severe injury, and wage loss as well as all available damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of the statutory minimum including interest, delay damages, costs of suit, compensatory damages, punitive damages and attorneys' fees under U.S.C. 1985 and 1988, and any other remedies legally appropriate.

### COUNT II: 42 U.S.C. BYSTANDER LIABILITY
*Plaintiff v. Trooper Phillip Buccigrossi, Trooper Justin Yozsa, Trooper Kyle Evans, Trooper Noe Vargas, Corporal Matthew Orchulli*

37. The preceding paragraphs are incorporated by reference as though laid out fully herein.

38. Buccigrossi, Yosza, Evans, and Vargas and Orchulli observed Plaintiff being physically abused which  which caused Plaintiff's mental anguish, pain, agony and severe injury.

39. Buccigrossi, Yosza, Evans, and Vargas knew that Plaintiff's physical abuse was unconstitutional but failed to intervene despite having the opportunity to do so.

40. Plaintiff seeks damages for mental anguish, pain, agony, severe injury, and wage loss, as well as all available damages available under the law.

**WHEREFORE**, , Plaintiff demands judgment in her favor, and against Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of the statutory minimum including interest, delay damages, costs of suit, compensatory damages, punitive damages and attorneys' fees under U.S.C. 1985 and 1988, and any other remedies legally appropriate.

### COUNT III: STATE LAW BATTERY
*Plaintiff v. Trooper Phillip Buccigrossi, Trooper Justin Yozsa, Trooper Kyle Evans, Trooper Noe Vargas,*

41. The preceding paragraphs are incorporated by reference as though laid out fully herein.

42. Buccigrossi, Yosza, Evans, and Vargas's intentionally used force against Plaintiff that they knew would cause pain and injury.

43. Buccigrossi, Yosza, Evans, and Vargas had no legal justification to use force in an excessive and injurious manner.

44.  Buccigrossi, Yosza, Evans, and Vargas' excessive and injurious conduct was harmful and offensive to Plaintiff thus constituting a Battery.

45. Buccigrossi, Yosza, Evans, and Vargas Battery was the direct and proximate cause of Plaintiff's serious injuries, some or all of which may be permanent in nature.

46. Buccigrossi, Yosza, Evans, and Vargas' Battery caused Plaintiff to expend time and money to receive medical treatment for his injuries and caused Plaintiff to be unable to work for a significant period of time.

**WHEREFORE**, Plaintiff requests the following in a sum greater than the statutory minimum, plus costs and delay damages, and all other appropriate relief, to which, compensatory damages, punitive damages, compensable litigation costs, delay damages, and such other and further relief as appears reasonable and just.

Respectfully Submitted,

*//s// Mark V. Maguire*
Mark V. Maguire, Esq.
McEldrew Purtell
1845 Walnut Street
Philadelphia, PA 19103